UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **OTTOMANSON, INC.,**<br><br>　　　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**UCAI, LLC,**<br>　　　　　　　　　　**Defendant.** | Civ. No. 19-8775 (KM)<br><br>**OPINION** |

### KEVIN MCNULTY, U.S.D.J.:

This matter comes before the Court on the plaintiff's unopposed motion (DE 8) for a default judgment. The plaintiff, Ottomanson, Inc., makes and sells area rugs and carpets. It sues UCAI, LLC, for infringement of Ottomanson's copyrighted designs for two of its rugs. *See* 17 U.S.C. §§ 101 *et seq*. For the reasons stated herein, the motion will be granted.

### DISCUSSION

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to

1

the amount of damages." *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

## I.   Prerequisites for Entry of Default Judgment

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

The defendant, UCAI, LLC, is a New Jersey entity. The declaration of Vladimir Tsirkin, Esq. in support of the motion ("Tsirkin Dec.", DE 8-1) establishes that attempts to serve the defendant at the addresses of record for itself and its registered agent in Paramus were unsuccessful. The occupants of that address, apparently a private residence, expressed no knowledge of the defendant. Accordingly, the Plaintiff accomplished service by serving the summons and complaint on the Secretary of State of New Jersey. (Tsirkin Dec. Ex. 5) That constituted valid service under N.J. Stat. Ann. § 2A:15-30 and Fed. R. Civ. P. 4(h) (adopting state service methods).

Plaintiffs filed proof of service on June 17, 2019. (DE 6) Defendant had twenty-one days to file an answer or otherwise respond. Fed. R. Civ. P. 12(a). No response was received within 21 days, or thereafter. The clerk entered default on September 5, 2019. (Entry following DE 7) Plaintiff filed its motion for default judgment on October 22, 2019. (DE 8) There has been no response.

Accordingly, I am satisfied that the prerequisites to filing a default

2

judgment are met. *See Gold Kist*, 756 F.2d at 18–19.

## II.   Three-Factor Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Those factors, considered in light of the record of this case, weigh in favor of entry of a default judgment.

### A. Merits/Existence of Defense

The evaluation of the first factor is always complicated, of course, by the defendant's failure to answer the complaint or to oppose the motion. My independent review of the record, however, does not suggest that the claims are legally flawed. *See Doe*, 2013 WL 3772532, at *5. Accepting the allegations in the Complaint as true, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), I find that the Plaintiffs have successfully stated a claim for relief as against Defendant.

The plaintiff is in the business of manufacturing and selling rugs. Two of its rugs, JNA370099 and OTH2068, have original designs (depicted at Tsirkin Dec. Exs. 8, 9). For those designs, the plaintiff has obtained copyright registrations. (Tsirkin Dec. Exs. 10, 11) The Complaint alleges that the defendant, UCAI, is likewise in the business of selling rugs. One of defendant's designs, from its "Kids Collection," is alleged to be substantially similar to JNA370099. (Tsirkin Dec. Ex. 12) Another, from defendant's "Homeward" collection, is alleged to be substantially similar to OTH2068. (Tsirkin Dec. Ex. 13) One of the plaintiff's ex-employees, who went to work for the defendant, is alleged to have been the source of these similar designs.

On February 14, 2019, plaintiff's counsel sent the defendant a cease-and-desist letter. (Tsirkin Dec. Ex. 14) Defendant's office manager, Mr. Livshina, responded that he did not believe the Homeward and OTH 2068 rug

3

were the same model. At any rate, he wrote, Defendant did not purchase them anymore, would cease selling them once it had exhausted a "very low excess inventory," and had withdrawn the rugs from Amazon.com. As for the "Kids Collection" rug, Livshina said that Defendant had none in inventory. Livshina seemed to express surprise about the existence of these models, for which he blamed an ex-employee of the plaintiff who had come to work for the defendant (and had subsequently left the defendant's employ as well). (Tsirkin Dec. Ex. 15) A second cease-and-desist letter demanding an accounting of sales of the rugs and threatening court action went unanswered. (Tsirkin Dec. Ex. 16)

These facts, I find, make out a cause of action for infringement. *See generally* 17 U.S.C. § 501; *Dun & Bradstreet Software Servs. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002) (requiring ownership of valid copyright and proof of unauthorized copying of original elements); *Whelan Assocs. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222, 123132 (3d Cir. 1986); *Ford Motor Co. v. Summit Motor Prods.*, 930 F.2d 277, 291 (3d Cir. 1991) (copying can be shown by access to copyrighted work plus similarity).

It is possible, by comparing the pictures of the original and allegedly infringing designs, to observe similarities. There are also observable differences. To my eye, the designs are not so similar or dissimilar as to compel a jury verdict one way or the other, but I cannot say that the plaintiff has failed to make out a cause of action. It is difficult to say much more about any potential defenses, because the defendant has not asserted them.

### B. Prejudice, Culpability

The second and third factors also weigh in favor of default. Defendant was properly served, but failed to appear or defend in any manner. It is clear that the Plaintiff has been prejudiced by this dereliction because it has been "prevented from prosecuting [its] case, engaging in discovery, and seeking relief in the normal fashion." *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (find that a defendant's failure to answer prejudices the plaintiff); *see also Gowan v. Cont'l*

*Airlines, Inc.*, 2012 WL 2838924, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiffs] will suffer prejudice if the Court does not enter default judgment as Plaintiff[s] [have] no other means of seeking damages for the harm caused by Defendant."). Absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in [the] default. *Teamsters Pension Fund of Philadelphia & Vicinity*, 2011 WL 4729023 at *4. In this case, "there is nothing before the Court to show that the Defendant['s] failure to file an answer was not willfully negligent." *Id.* (citing *Prudential Ins. Co. of America v. Taylor*, 2009 WL 536043, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted).

Overall, then, the three factors support the entry of default judgment. I will grant the motion for default judgment.

### III. Remedies

Plaintiff seeks statutory damages under the copyright laws. While I agree that statutory damages are available, I do not accept the full scope of plaintiff's argument.

The short version of the applicable law of damages is that the plaintiff has two options. The plaintiff may opt to prove actual damages. In the alternative, the plaintiff may opt for statutory damages of up to $30,000 for an ordinary infringement, or $150,000 for a willful infringement. "A party need not prove actual damages to be entitled to an award of statutory damages." *Axact (PVT), Ltd. v. Student Network Resources, Inc.*, Civ. No. 07–5491, 2008 WL 4754907 at * 2 (D.N.J., Oct. 22, 2008) (quoted in *Coach, Inc. v. Bags & Accessories*, No. CIV.A. 10-2555 JBS-J, 2011 WL 1882403, at *1–10 (D.N.J. May 17, 2011)).

Plaintiff Ottomanson here has opted for statutory damages under subsection (c), *supra*. It states that the infringement was willful, and that

maximum damages are therefore $150,000. Ottomanson seeks two thirds of that amount, or $100,000.[1]

The merits, discussed above, are not so compelling as to require a finding of willfulness. As noted, the designs are similar but far from identical. The OTH2068 and Homeward rugs have a similar color scheme and a plant theme,

---

[1] Here is the relevant statute:

§504. Remedies for infringement: Damages and profits

(a) In General.-Except as otherwise provided by this title, an infringer of copyright is liable for either-

   (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or

   (2) statutory damages, as provided by subsection (c).

(b) Actual Damages and Profits.-The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

(c) Statutory Damages.-

   (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

   (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200. . . .

17 U.S.C. § 504.

6

which is a common feature of rugs. The OTH2068 rug has a design of curling tendrils; the corresponding Homeward rug appears to depict stiffer branches with different-shaped leaves. The JNA37009 and Kids Collection rugs depict a jolly village scene, a common theme of children's items. There are similarities in the winding streets, the buildings, and so on. The color schemes differ, however, and the two would not be mistaken for each other.

As noted above, the Plaintiff has a legitimate case, but far from an airtight one. Even a defendant familiar with the plaintiff's designs could have concluded in good faith that its own were sufficiently distinct. The defendant's response to the cease-and-desist letter was apologetic, and far from defiant; the Defendant, while disputing the similarity, allowed that it either had or soon would discontinue sales.

I do not, therefore, conclude that infringement was willful. But even if it were willful, I would reduce the amount requested, as the court did in *Coach, Inc. v. Bags & Accessories*, No. CIV.A. 10-2555 JBS-J, 2011 WL 1882403, at *8 (D.N.J. May 17, 2011) (assessing copyright damages of $10,000 for each willful infringement). The defendant appeared to acknowledge fault and did not seem bent on continuing any infringing sales. These are not, for example, highly profitable or extensive internet sales of luxury goods whose trademarks and copyrights are frequently abused, like Coach or Louis Vuitton items. The circumstances do not seem to suggest that a strong deterrent is called for.

Within my discretion, I will award statutory damages of $10,000 per rug, for a total of $20,000.[2] I find the request for attorney's fees in the amount of $4,650 to be adequately documented and reasonable; I also award costs, representing the court filing fee and costs of service of process, in the amount of $700. (*See* Tsirkin Dec. ¶¶ 45–49) The total amount of the default judgment, then, is $25,350.

---

[2] The Plaintiff's request for damages seems to lump the two together. The maximum statutory damages, however, are expressed on a per-infringement basis. *See* 17 U.S.C. § 504(c)(1), quoted *supra* ("with respect to any one work").

7

Finally, the plaintiff seeks a permanent injunction against further infringement under 17 U.S.C. § 502(a). To obtain such an order, a plaintiff must demonstrate (1) irreparable harm; (2) the inadequacy of remedies at law, such as damages; (3) that the balance of hardships tips in plaintiff's direction; and (4) that the public interest is served. *eBay v. MercExchange, LLC*, 547 U.S. 388, 393–94, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006).

Irreparable harm (and presumably the closely related factor of inadequacy of legal remedies) will no longer be presumed in copyright cases. *TD Bank N.A. v. Hill*, 928 F.3d 259, 279 (3d Cir. 2019). Here, however, we are in the specialized context of a default judgment. The defendant has declined to answer or respond, and the plaintiff cannot ascertain even its past damages, let alone the fact or amount of continuing infringements. Merely enjoining infringement does not deprive the defendant of anything to which it is entitled, and it is in the public interest to do so. I will therefore grant the injunction as requested.

## CONCLUSION

For the foregoing reasons, the motion is granted, and the proposed default judgment will be entered against defendant UCAI, LLC, and in favor of plaintiff Ottomanson, Inc., in a total amount of $25,350. The defendant is permanently enjoined from infringing these copyrighted designs.

_____
KEVIN MCNULTY, U.S.D.J.

Dated: January 10, 2020